SEARS, ROEBUCK & COMPANY,
Plaintiff,

v.

Rolfe F. ANDERSON, Shirley A.
Anderson, George Ledford,
Trustee, Defendants.

In the Matter of Rolfe F. ANDERSON,
Shirley A. Anderson, Debtors.

Adv. No. 3–81–0518.
Bankruptcy No. 3–80–01992.

United States Bankruptcy Court,
S. D. Ohio, W. D.

Jan. 11, 1982.

Ronald E. Reichard, Dayton, Ohio, for plaintiff.

Lloyd D. Cohen, Dayton, Ohio, for defendants/debtors.

George W. Ledford, Englewood, Ohio, trustee/defendant.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### PRELIMINARY PROCEDURE

This case is before the Court upon complaint objecting to modification of Debtors' Plan filed August 18, 1981; and the answer of Debtors, Rolfe F. Anderson and Shirley A. Anderson, filed September 21, 1981. The case was submitted upon the pleadings, evidence adduced at the hearing held October 28, 1981, and memorandum submitted by the parties. The question has been submitted primarily as a factual question, without citations of case precedents.

### FINDINGS OF FACT

Under the proposed modification of the Plan filed by Debtors, the claim of Plaintiff, Sears, Roebuck & Company, would be reduced to a secured claim for the value of collateral alleged to be $500.00 and as an unsecured claim for the balance of the total claim due in the amount of $2,700.62.

In behalf of the Plaintiff, testimony was adduced to establish the present value of the collateral at a fair market value of $1,244.00 at a present cost value of $4,488.00. The testimony in behalf of the Plaintiff also would indicate that even under the most adverse circumstances of sale at the Plaintiff's stores, the custom ordered drapes which constitute the collateral should bring about $1,324.00, roughly one-half of the value of the goods located in the Debtors' home.

An expert witness who testified in behalf of the Defendants estimated the value of the customed drapes at $500.00. His valuation would be $150.00, if sold at a "garage sale." The testimony in behalf of both Plaintiff and Defendants establishes the fact that the custom made draperies at issue are in good condition. They had been installed in June, 1979 at a cost of approximately $2,000.00, plus interest, making the total purchase cost $2,700.00. The sales price included also installation charges and hardware.

### DECISION

The present condition of the collateral and the general tenor of the testimony in behalf of both parties is not materially in controversy. The main dispute concerns a proper valuation, depending upon what factors of valuation should be applied. The "market value" of Plaintiff is based upon a theoretical sale of such custom made draperies as used merchandise in a retail store. The proposed "market value" submitted in behalf of Debtors assumes that the collateral would be sold on a market conceived by debtors, such as in-home goods or at a proverbial "garage sale."

The Court cannot concur entirely with the approach of either party. The collateral involved are customed draperies purchased by Debtors from Plaintiff for the particular purpose of installation in the home of Debtors. To a great extent such merchandise has a special use only for the aesthetic tastes of the Debtors. In such circumstances, such as works of art or other individualized property, the value of the Debtors far exceeds the value that can be realized by the sale to others whose aesthetics are entirely different. Hence, the value as collateral must be tempered somewhat by reality. At each initial inquiry the focus should be on 11 U.S.C. § 1325(a)(5)(B)(ii) which provides that the value of collateral

securing a secured claim must be paid over the duration of the Plan. Turning to 11 U.S.C. § 506(a) "... Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property...." Hence, the disposition of the collateral does not necessarily state the proper valuation to be applied in the administration of the Chapter 13 distribution. In this sense, the provisions of Ohio Revised Code § 1317.16 (disposition of collateral) do not necessarily provide the frame work for valuation, since Paragraph B of this statute provides "disposition of the collateral shall be by public sale only."

■ It is the opinion of this Court that the Debtors should not be permitted to assume a valuation for the collateral which, in final analysis, is far less than they personally apply to the collateral for their special purposes. Hence, it is the opinion of this Court that the proper valuation for security purposes should be an amortized value, based upon the special use of the collateral over an anticipated useful life. That is to say, the collateral has been used in the home for the purposes originally fabricated since June, 1979, and is still in favorable condition. Using an estimated life of five years and using a valuation of $2,000.00, the Debtors should be willing to pay, as a security interest, for the balance of the reasonable useful life of the draperies. Using a useful life of five years, the draperies should be further amortized for an additional two and one-half years, at $400.00 per year, totalling a fair reasonable valuation of $1,000.00. For the purposes of the Chapter 13 proceedings, therefore, the Debtors would have two alternatives. One would be to pay to the Plaintiff, as a secured creditor, $1,000.00 plus a debt service charge of 12%, until this amount has been paid in full. The other alternative would be to permit the Plaintiff to take possession of the collateral and dispose of same as used merchandise, cancelling the entire indebtedness due and owing at the time of the institution of the Chapter 13 proceedings.